# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TAMMY M. WRIGHT,**

    **Plaintiff,**

    v.

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

Case No. 2:16-cv-297
JUDGE MICHAEL H. WATSON
Chief Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Plaintiff, Tammy M. Wright, brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security Supplemental Security Income benefits. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 11) ("SOE"), the Commissioner's Memorandum in Opposition (ECF No. 16), Plaintiff's Reply (ECF No. 10), and the administrative record (ECF No. 8). For the reasons that follow, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's decision.

## I.  BACKGROUND

Plaintiff filed her application for benefits on February 22, 2013, alleging that she has been disabled since April 20, 2012, due to "right arm cant [sic] hardly use," carpal tunnel, "elbow problems," glaucoma, mitral valve prolapse, and dizzy spells. (R. at 174–79, 193.) Plaintiff's application was denied initially and upon reconsideration. (R. at 107–09, 116–20.) Plaintiff sought a *de novo* hearing before an administrative law judge. (R. at 121–23.)

Administrative Law Judge Peter J. Boylan ("ALJ") held a hearing on March 23, 2015, at which Plaintiff, who was represented by counsel, appeared and testified. (R. at 40, 44–66.) On March 31, 2015, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 24–34.) On February 11, 2016, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. at 1–4.) Plaintiff then timely commenced the instant action.

## II. HEARING TESTIMONY[1]

### A. Plaintiff's Testimony

Upon the ALJ's request, Plaintiff's counsel confirmed at the administrative hearing on March 23, 2015, that he did not have any additional evidence to submit. (R. at 43.) The ALJ admitted Exhibits 1A through 4A, 1B through 16B, 1D through 7D, 1E through 19E, and 1F through 11F. (*Id.*)

Plaintiff testified that she is forty years old, right-handed, and obtained her GED in 1999. (R. at 44–45.) She has previously worked as a full-time hotel maid. (R. at 45–46.) She has also worked twenty-four hours (four days with six-hour shifts) a month through the welfare office at the senior center, cooking, cleaning, and washing dishes. (R. at 46.) Plaintiff testified that she is unable to work because of problems with her right arm and swollen legs. (R. at 47.)

Plaintiff testified that she sees Amanda McConnel, D.O., a neurologist, every three months for migraines. (R. at 50.) Dr. McConnel has prescribed medication for the migraines, which Plaintiff described as "kind of" effective to treat her migraines. (R. at 49–50.) Plaintiff testified that she takes two daily medications and previously took another medication at the onset

---

[1] The Court limits its analysis of the evidence and the administrative decision to the issues raised in the SOE, *i.e.*, that the residual functional capacity ("RFC") failed to account for Plaintiff's migraines and that the case should be remanded pursuant to Sentence Six of 42 U.S.C. § 405(g).

of a migraine but stopped taking it because she was allergic to it. (R. at 50, 59–60.) Plaintiff also receives Botox injections to treat her migraines. (R. at 50.) Plaintiff testified that she has migraines two or three times a week that require her to lie down with a rag over her eyes for a little over an hour. (R. at 60.) Once or twice a week, she will experience migraine pain that does not require her to lie down and that she does not feel unless she touches her forehead. (R. at 60–61.)

### B. Vocational Expert Testimony

George Parsons testified as a vocational expert ("VE") at the March 23, 2015, administrative hearing administrative hearing. (R. at 40, 67–80.) The ALJ proposed a hypothetical that presumed an individual with Plaintiff's age, education, and work experience who was limited to medium levels of exertion and limited to frequent pushing and/or pulling with the right, upper extremity; limited to occasional climbing of ladders, ropes, and scaffolds; and limited to frequent handling with the right, upper extremity. (R. at 68–69.) The VE testified that the hypothetical individual could perform work that existed in significant numbers in the local and national economies, including work as a kitchen helper, maid, and staff clerk order filler. (R. at 69.)

The ALJ proposed a second hypothetical that presumed the same vocational factors and functional limitations with the ability to frequently lift and carry up to five pounds and occasionally lift and carry up to ten pounds; limited to frequent reaching with the right, upper extremity; limited to occasional handling with the right, upper extremity, and occasional fingering with the right, upper extremity; able to frequently bend, crawl, and climb steps; and limited to occasional climbing of ladders. (R. at 69–70.) The VE testified that this hypothetical individual could perform work that existed in significant numbers in the local and national

economies, including work as a staff order filler, waste measure checker clerk, and bus monitor. (R. at 70.)

In the ALJ's third proposed hypothetical, he asked the VE to presume the same individual from the first two hypotheticals with the additional limitation of sedentary levels of exertion as defined in the regulations. (R. at 70–71.) The VE testified that the hypothetical individual could perform work that existed in significant numbers in the local and national economies, including work as a surveillance system monitor and coupon counter or scanner. (R. at 71.)

The ALJ also proposed a fourth hypothetical that presumed a hypothetical individual with the same functional limitations and vocational factors in the first three hypotheticals with the added limitation that such an individual would be off task twenty percent of the workday and would miss two days of work in a month. (*Id.*) The VE testified that while such a hypothetical individual could not sustain work in these unskilled jobs because she cannot miss any time during the probationary period and, after that, she would not be able to be off task twenty percent of the time because she would be unable to accomplish what would be required of the job. (R. at 71.)

### III. MEDICAL RECORDS

A. **Amanda McConnel, D.O.**

Amanda McConnel, D.O., a neurologist, treated Plaintiff for migraines in 2012, 2013, and 2014. (R. at 343–44, 361, 410–12, 421–23.)

On April 2, 2013, Dr. McConnel ordered a MRI of Plaintiff's brain, which revealed normal findings. (R. at 686.)

In her medical source statement dated April 19, 2014, Dr. McConnel diagnosed Plaintiff with carpal tunnel syndrome, but did not mention migraines. (R. at 379–81.)

On August 20, 2014, and December 3, 2014, Dr. McConnel administered Botox injections, which Plaintiff tolerated well. (R. at 411–12, 421–23.)

**B.     Holzer Clinic**

A history of Plaintiff's migraines was noted on some occasions in 2012 through 2014, when she was seen for other medical issues. (R. at 271, 346, 419, 432, 523, 550.)

## IV.     ADMINISTRATIVE DECISION

On March 31, 2015, the ALJ issued his decision. (R. at 24–34.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff had not engaged in substantially gainful activity since February 22, 2013, the application date. (R. at 26.)

At step two, the ALJ determined that Plaintiff had the severe impairments of soft tissue injury, major joint dysfunction, right elbow lateral epicondylitis, mild carpal tunnel syndrome, swelling of lower extremities, and migraine headaches. (*Id.*)

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

The ALJ next found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 27–28.) In connection with this finding, the ALJ specifically noted the following:

> There is no listing for migraine headaches, rather the Administration looks to Listing 11.03 based on symptoms of altered awareness and significant interference with activity during the day. There is no evidence of ongoing migraine headaches emergency room or inpatient hospitalizations and the claimant had a normal brain MRI (Exhibits 2F; 6F; 7F; 9F). Further, the claimant performs significant activities of daily living including working at the Senior Citizens Center and she did not report absences due to migraine headaches.

(R. at 27–28.)

At step four of the sequential process, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except she is limited to frequent pushing and/or pulling with the right upper dominant extremity. She is limited to occasional climbing of ladders, ropes, and scaffolds; she is limited to frequent handling with the right upper extremity.

(R. at 28.)

In assessing the foregoing RFC, the ALJ specifically stated that he considered all symptoms and the extent to which those symptoms could be reasonably be accepted as consistent with the objective medical evidence and other evidence. (*Id*.) The ALJ noted that there were limited references to migraines in Plaintiff's medical history:

> The undersigned has found the claimant's history of migraines as a severe impairment due to the medications she takes including Botox injections. However, despite her allegations of migraines two to three times a week, there is little mention of migraines within treatment records, such as a description or frequency of the headaches. Further, the claimant's neurologist, Dr. McConnel did not mention the claimant's migraine headaches in the medical source statement in April 2014, but did report that a brain MRI was normal (Exhibits 2F;

6

> 4F; 6F; 7F). The most recent treatment record in [the] file dated December 29, 2014 shows that the claimant has responded well to Botox injections given for prevention of migraines and the claimant denied a history of recent headaches. The claimant also reported that she has no side effects (from medications) (Exhibit 7F, page 5). There is no evidence of migraine exacerbations requiring emergency room care o[r] inpatient hospitalizations.

(R. at 32.)

Following a detailed discussion of Plaintiff's daily activities, social life, work at the Senior Citizen Center, and the medical evidence in the record, the ALJ gave "some weight" but not controlling weight to Dr. McConnel's medical statement:

> Dr. McConnel's statement addresses limitations in the claimant's right upper extremity, for which this source provided treatment, but she did not address the claimant's migraine headaches, which predated the claimant's right arm symptoms according to February 2012 treatment records (Exhibit 2F, page 4). Dr. McConnel did mention the claimant's report of lower extremity pain/weakness, but she does not appear to consider the claimant's allegations in her medical statement.

(*Id.*)

The ALJ went on to find that "the evidence supports that the claimant has responded well to migraine medication and injections with no recent headaches or side effects" and concluded that Plaintiff was capable of working within the identified RFC. (*Id.*)

Considering Plaintiff's age, education, work experience, and RFC, and relying on the VE's testimony, the ALJ concluded that Plaintiff can perform jobs existing in the national economy. (R. at 33–34.) He therefore concluded that Plaintiff was not disabled under the Social Security Act. (*Id.*)

## V. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009)

7

(quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## VI. ANALYSIS

Plaintiff advances two contentions of error. Plaintiff first asserts that the ALJ's decision should be reversed because the RFC finding was not supported by substantial evidence. In her second contention of error, Plaintiff maintains that a Sentence Six remand is warranted for

consideration of new and material evidence. The Undersigned considers these contentions of error in turn.

A.     **RFC and Severe Impairment of Migraines**

Plaintiff asserts that the ALJ committed reversible error because the RFC determination did not account for the severe impairment of migraines. A plaintiff's RFC "is defined as the most a [plaintiff] can still do despite the physical and mental limitations resulting from her impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. §§ 404.1545(a), 416.945(a). The determination of RFC is an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). Nevertheless, substantial evidence must support the Commissioner's RFC finding. *Berry v. Astrue*, No. 1:09CV000411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010). An ALJ is required to explain how the evidence supports the limitations that he or she set forth in the claimant's RFC:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96–8p, 1996 WL 374184, at *6–7 (internal footnote omitted).

Here, substantial evidence supports the ALJ's RFC finding. As discussed above, the ALJ specifically considered Plaintiff's allegations of migraines two or three times a week, but concluded that Plaintiff responded well to migraine medication and injections with no recent headaches or side effects. (R. at 32.) The ALJ properly noted that the treatment records contain few references to Plaintiff's migraines, particularly the frequency of or a description of such

headaches. (R. at 32, 343–44, 361, 379–81, 410–12, 421–23.) An MRI taken on April 2, 2013, revealed normal findings of Plaintiff's brain. (R. at 686.) In addition, the record reflects no opinion of disability or limitation due to Plaintiff's migraines. Notably, Dr. McConnel, Plaintiff's treating physician, diagnosed Plaintiff with carpal tunnel syndrome, but did not mention migraines. (R. at 379–81.)

In sum, the Undersigned finds no error with the ALJ's RFC finding. It is therefore **RECOMMENDED** that Plaintiff's first contention of error be **OVERRULED**.

**B.      Sentence Six Remand**

In her second contention of error, Plaintiff asserts that remand is warranted for consideration of new and material evidence. The Undersigned disagrees.

Sentence six of 42 U.S.C. § 405(g) provides in relevant part as follows:

> The Court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42. U.S.C. § 405(g). "Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993) (citations omitted). The requirements that the evidence be "new" and "material," and that "good cause" be shown for the failure to present the evidence to the ALJ have been defined by the United States Court of Appeals for the Sixth Circuit as follows:

> "For the purposes of a 42 U.S.C. § 405(g) remand, evidence is new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.' . . . Such evidence is 'material' only if there is 'a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.' . . . A claimant shows 'good

cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ . . . . [T]he burden of showing that a remand is appropriate is on the claimant."

*Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (quoting *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)).

The Commissioner first argues that Plaintiff's argument on this issue is undeveloped and therefore waived. (Opposition at 4.) Assuming that Plaintiff's argument is not waived, however, the Undersigned nevertheless concludes that Plaintiff has failed to carry her burden to demonstrate that remand is warranted. Plaintiff complains that the Appeals Council found that evidence dated April 29, 2015, through October 12, 2016, which came after the ALJ's decision on March 31, 2015, was "about a later time" and therefore "did "not affect the decision about whether [Plaintiff was] disabled on or before March 31, 2015." (R. at 2; SOE at 9–10.) Plaintiff contends that this statement indicates that the Appeals Council did not consider other additional evidence that pre-dated the ALJ's decision, including treatment records Exhibit 12F, described as "Office Treatment Records, from Diana Wright CNP/Holzer." (SOE at 9–10; R. at 715–914.)

Plaintiff's argument is not well taken. As an initial matter, the Appeals Council's finding that the evidence post-dated the ALJ's decision is not erroneous. These later records are not probative of Plaintiff's condition during the time the ALJ was assessing whether she was entitled to benefits. *Cf. Casey v. Sec'y of HHS*, 987 F.2d 1230, 1233 (6th Cir. 1993) ("The rest of the material contained in the additional evidence pertains to a time outside the scope of our inquiry.") Because the ALJ could not have considered these documents, they are not relevant for the purposes of this decision.

Moreover, Plaintiff does not point to a single entry in Exhibit 12F that demonstrates the Secretary would have reached a different conclusion on the issue of disability if presented with

the additional material in Exhibit 12F.  *See Ferguson*, 628 F.3d at 276.  A review of this information reveals that she could not have shown a "reasonable probability" that the Secretary would have reached a different conclusion.  Notably, most of the records reflect care and treatment for medical issues other than migraines.  (R. at 715–914.)  Some of these records reflect that Plaintiff was given medication and injections for her migraines (*see, e.g.*, R. at 723, 726, 750–51), but, as discussed above, the ALJ was already aware of and considered Plaintiff's migraine treatment with medication and injections when formulating her RFC and concluding that she was not under a disability.

In sum, the Undersigned concludes that Plaintiff has failed to satisfy her burden to demonstrate that remand is appropriate.  It is therefore **RECOMMENDED** that Plaintiff's second contention of error be **OVERRULED.**

## VII.    CONCLUSION

In sum, from a review of the record as a whole, the Undersigned concludes that substantial evidence supports the ALJ's decision denying benefits.  Accordingly, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## VIII.    PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


Date: July 31, 2017                              s/ *Elizabeth A. Preston Deavers*
                                                 ELIZABETH A. PRESTON DEAVERS
                                                 UNITED STATES MAGISTRATE JUDGE