UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tammy W. Wright,

 Plaintiff,

v.

Commissioner of Social Security,

 Defendant.

Case No. 2:16-cv-297
Judge Michael H. Watson
Magistrate Judge Deavers

## OPINION AND ORDER

On July 31, 2017, Magistrate Judge Deavers, to whom this case was assigned, issued a Report and Recommendation ("R&R") recommending that the Court overrule Tammy Wright's ("Plaintiff") Statement of Specific Errors—in which Plaintiff challenged the Commissioner of Social Security's (the "Commissioner") decision to deny Plaintiff's application for supplemental security income—and affirm the decision of the Commissioner. R&R 12, ECF No. 18. Plaintiff objects to the R&R. ECF No. 19. For the following reasons, the Court **OVERRULES** Plaintiff's objections, **AFFIRMS** and **ADOPTS** the R&R, and **DISMISSES** Plaintiff's complaint.

### I.   BACKGROUND

Plaintiff filed an application for supplemental security income ("SSI") on February 22, 2013, alleging that she had been disabled since April 20, 2012, due to problems using her right arm, carpal tunnel, "elbow problems," glaucoma, mitral valve prolapse, and dizzy spells. ECF No. 10-5, PAGEID # 220; ECF No.

10-6, PAGIED # 240. Her application was denied initially on April 8, 2013, and again upon reconsideration on June 20, 2013. ECF No. 10-4, PAGEID # 161. A hearing before an administrative law judge ("ALJ") was held on March 23, 2015, and the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act (the "Act"). Record, ECF No. 10-2, PAGEID # 67. That decision became final on February 11, 2016, when the Appeals Council denied review. *Id.* at PAGEID # 44.

Plaintiff subsequently filed suit for judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). The Magistrate Judge analyzed Plaintiff's Statement of Specific Errors and recommended that the Court overrule the same. Plaintiff now objects to the Magistrate Judge's conclusions in the R&R.

## II. STANDARD OF REVIEW

The Court will review *de novo* the portions of the R&R to which the Plaintiff has properly objected. Fed. R. Civ. P. 72(b)(2). Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). A party objecting to an R&R must make "specific written objections" to the Magistrate Judge's proposed findings and recommendations. Fed. R. Civ. P. 72(b)(3).

The Court must analyze Plaintiff's objections in light of the standard of review in social security cases, which the Magistrate Judge correctly set forth in

the R&R. Pursuant to 42 U.S.C. § 405(g) "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." The Court therefore "must affirm the Commissioner's decision if 'it is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

"[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). Determining whether substantial evidence exists involves a review of the record as a whole. *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). The court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

## III. ANALYSIS

Plaintiff's sole objection to the R&R is that the ALJ's RFC determination was not supported by substantial evidence because the RFC's lack of migraine-related limitations is "internally inconsistent" with the ALJ's determination that Plaintiff's migraines were a "severe impairment." *Id.* at 2–3. At bottom, Plaintiff's argument is that a severe impairment must result in RFC limitations.

This argument is not well taken.

> RFC describes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from—though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 240 (6th Cir. 2002). "A claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." Yang v. Comm'r of Soc. Sec. , No. 00-10446-BC, 2004 WL 1765480, at *5 (E.D. Mich. July 14, 2004).

Griffeth v. Comm'r of Soc. Sec., 217 F. App'x 425 (6th Cir. 2007); *see also Zorn v. Comm'r of Soc. Sec.*, No. 12-13822, 2015 WL 5545257, at *3 (E.D. Mich. Sept. 18, 2015) ("The Court agrees with the Magistrate Judge that it is not necessary for every single severe impairment to be reflected in the RFC in every single claim . . . . [A]n RFC may in some cases not reflect every single severe impairment if that impairment has no effect on a claimant's functional capacity."). Accordingly, the mere fact that the ALJ's RFC determination did not contain migraine-related limitations does not make the RFC inconsistent with the ALJ's finding at step two that Plaintiff's headaches amounted to a severe impairment.

Moreover, the R&R properly concluded that the ALJ's determination was supported by substantial evidence. Although Plaintiff testified that she suffered migraines two to three times a week that caused her to lie down for an hour with a rag over her eyes, Record, ECF No. 10-2, PAGEID # 103, other evidence suggested that Plaintiff's migraines were controllable and did not result in work-related limitations. *See* Record, ECF No. 10-8, PAGEID ## 996, 1032.

Plaintiff points to the fact that the ALJ relied on a normal brain MRI and argues that this evidence is, at best, "tangential to the question of migraine frequency." Obj. 2, ECF No. 19. The ALJ did not solely rely on the MRI in finding that Plaintiff's migraines did not result in limitations, however. The ALJ noted that Plaintiff's testimony regarding the frequency of migraines was not supported by her treatment records, which made little mention of migraines and did not state how often she suffered from migraines. Record, ECF No. 10-2, PAGEID # 72. Despite Plaintiff's contention, this recognition by the ALJ does not adopt a legal standard whereby a plaintiff must report to her doctor every time she suffered a symptom. Rather, it reflects the reasonable expectation that a plaintiff who suffers from severe and frequent symptoms of signification duration will have the frequency, severity, and duration of those symptoms reported somewhere in their treatment notes and the reasonable conclusion that if a plaintiff testifies to suffering symptoms to a severity, with a frequency, or of a duration that is not reflected in the treatment notes, that lack of such documentary support undercuts the plaintiff's credibility.

Moreover, the ALJ's finding was supported by more than just the normal MRI and the fact that Plaintiff's treatment notes did not match her description of the frequency and duration of her migraines. The ALJ noted that, despite Plaintiff's testimony that she sees a neurologist, Dr. McConnell, every three months for migraines, Record, ECF No. 10-2, PAGEID # 93, Dr. McConnell did not even mention migraines in her medical source statement, *id.* at PAGEID # 429 (including mention of Plaintiff's lower extremity pain and weakness even though the statement's answers concerned Plaintiff's pain in her right hand). Although Dr. McConnell suggested limitations for Plaintiff regarding her right upper arm, she did not include any limitations relating to Plaintiff's migraines.

Further, Plaintiff performed significant activities of daily living, including working at a Senior Citizens Center for twenty four hours a month, and did not report missing work due to her migraines.

Perhaps most importantly, Plaintiff's December 2014, treatment records showed that Plaintiff's migraines were adequately controlled with Botox injections, Record, ECF No. 10-8, PAGEID ## 996, 1032, that Plaintiff denied a history of recent headaches, *id.*, and that Plaintiff was to call the doctor if her headaches were not relieved by over-the-counter medicine. Record, ECF No. 10-7, PAGEID # 458. The ALJ further noted that Plaintiff reported no side effects from the medications she took for her migraines and that there was no evidence that the migraines caused her to seek hospitalization or emergency room care. *Id.*; *see also* Record, ECF No. 10-2, PAGEID # 75.

From all of this evidence, it was not unreasonable or inconsistent for the ALJ to conclude that, because Plaintiff's migraines were severe enough to require medicine and Botox injections, they were a severe impairment for purposes of step two of the analysis but that the medicine and Botox injections nonetheless adequately managed Plaintiff's migraines such that they caused no work-related limitations. Nothing in the record suggested that Plaintiff's migraines caused work-related limitations.

## **CONCLUSION**

For the reasons addressed above, the Court finds on *de novo* review that the R&R properly concluded that the ALJ's RFC was based on substantial evidence. Plaintiff's objection is **OVERRULED**, and the R&R is **AFFIRMED** and **ADOPTED**. The Clerk shall grant final judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**